**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

Elmer H McCaskill

       Plaintiff,

v.            Case No.: 1:24–cv–11059
            Honorable Steven C. Seeger

Northern Trust Company, et al.

       Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, April 3, 2025:

   MINUTE entry before the Honorable Steven C. Seeger: Plaintiff Elmer McCaskill's application to proceed in forma pauperis (Dckt. No. [3]) is hereby denied. On the IFP application, Plaintiff lists $0 in income across all categories. He checked both "yes" and "no" to question no. 4, which asks whether he has any cash in a checking or savings account. See Dckt. No. [3], at 2. The Court is not sure what to make of Plaintiff's assertion that he has zero money. The form leaves the Court to wonder how Plaintiff managed to subsist without any source of income. In any case, Plaintiff failed to sign or date the IFP application, so it is incomplete. Even if Plaintiff submitted a complete IFP form, there's a bigger problem with his application: the complaint. A plaintiff is not entitled to proceed in forma pauperis based on poverty alone. The Court must prescreen the complaint before accepting the complaint for filing. See 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See id.; see also Jones v. Bock, 549 U.S. 199, 214 (2007); Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen complaints under section 1915(e)(2)(B) in the same manner that they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Maddox v. Love, 655 F.3d 709, 718 (7th Cir. 2011). The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When screening a pro se plaintiff&#0;39;s complaint, courts construe the plaintiff's allegations liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well–pleaded facts as true and draw reasonable inference in the plaintiff 9;s favor." Roberts v. City of Chicago, 817 F.3d 561, 564 (7th Cir. 2016). This Court took a look at the complaint as part of prescreening. Plaintiff brings civil rights claims under sections 1983, 1985, and 1986 against Northern Trust Company, a bank, and the Circuit Court of Cook County. Plaintiff appears to challenge the bank's foreclosure on his home. He says that the foreclosure was fraudulent and alleges that the

bank and the Circuit Court are engaged in organized crime and racketeering. The Court is not able to discern any basis for a civil–rights claim against these entities. A foreclosure, standing alone, does not give rise to a civil–rights claim. In any case, Northern Trust is a private actor, and there is no indication that it was acting under "color of state law" as required by section 1983. And the Circuit Court likely enjoys judicial immunity. At bottom, Plaintiff appears to be upset that the bank and the Circuit Court did not "protect [him] from all harm domestic and foreign." See Dckt. No. [3], at 4. But that's not a claim. Plaintiff alleges that Defendants unlawfully took his private property in violation of 735 ILCS 5/15/–1504.5. That provision appears to require posting of a notice on any home to be foreclosed, so it's hard to see how that could give rise to a claim at all. See 735 ILCS 5/15/–1504.5. But it certainly is not claim that Defendants violated Plaintiff's constitutional rights. Another problem is the statute of limitations. The complaint twice alleges that the foreclosure took place on October 18, 1994. Overall, the complaint is frivolous. Plaintiff does not have a claim. The complaint is dismissed with prejudice. Civil case terminated. The Clerk is directed to send Plaintiff a copy of this order. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.